### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TERRENCE ANDERSON,** | |
| **Plaintiffs,** | |
| **v.** | **Civil No.: 1:21-cv-00683-GLR** |
| **WILLIAM BEEMAN & HOLLY HOOVER** | |
| **Defendants.** | |

### DEFENDANTS WILLIAM J. BEEMAN, RN, AND HOLLY L. HOOVER, CRNP'S MOTION TO STAY THIS ACTION UNLESS THE U.S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS IN *In Re Tehum Care Services, Inc*. ISSUES AN ORDER PERMITTING THE PLAINTIFF TO FURTHER PROSECUTE THE ACTION

William J. Beeman, RN, and Holly L. Hoover, CRNP, ("Defendants") respectfully request that the Court enter an Order staying this action, until the U.S. Bankruptcy Court for the Southern District of Texas (Houston Division) in *In Re Tehum Care Services, Inc*. (f/k/a Corizon Health, Inc.), Case No. 23-90086 (CML), (the "Bankruptcy Case"), issues an Order deciding the Omnibus Motion to Enjoin attached hereto as **Exhibit A** (the "Motion to Enjoin")[1].  As discussed below, the Motion to Enjoin seeks an Order from the Bankruptcy Court clarifying that actions brought against the Debtor's former employees are enjoined consistent with the administration and intended consummation the now-effective Bankruptcy Plan, including the existing injunctions and releases therein.  As the Bankruptcy Court has exclusive jurisdiction to determine issues related to the Plan and its injunctions, the present action should be stayed unless the Bankruptcy Court determines that it can continue.  Defendants will promptly inform this Court of the Bankruptcy Court's Order.

---

[1] The Motion to Enjoin was served on the Plaintiff.

Tehum Care Services, Inc. f/k/a Corizon Health, Inc. (the "Debtor") commenced a Chapter 11 case in the United States Bankruptcy Court for the Southern District of Texas.  By Order dated March 3, 2025 [Doc. 2014], the Bankruptcy Court confirmed the First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, Official Committee of Unsecured Creditors and Debtor (the "Plan").  All capitalized terms herein have their meaning as defined in the Plan unless noted.  The Plan is now effective.

Defendants are former employees of the Debtor.  As the Motion to Enjoin explains, the Debtor and its former employees are included as "Released Parties" under the Plan.  Plan, Art. I, ¶ 175.  In furtherance of the Plan's consummation, the Plan contains certain injunctions and a Consensual Claimant Release that will fully release the Plaintiff's Causes of Action against the Defendants as long as the injunctions and Releases do not terminate or become void.  *See* Plan, Art. IV.B.7 and IX.D.  When the Plan became effective, and in compliance with any meet and confer requirements, Defendants sent a letter to Plaintiff requesting that the Plaintiff stipulate to stay this action consistent with the Plan. To date, Plaintiff has not agreed to so stipulate.

The Motion to Enjoin before the Bankruptcy Court requests that the Bankruptcy Court enter an Order confirming that all Plaintiffs with actions that will be released upon the Final Payment Date are enjoined from further prosecuting their actions as long as the injunctions and Releases do not terminate or become void.  Amongst the existing injunctions discussed in the Motion to Enjoin, the Bankruptcy Court precluded and enjoined "actions to interfere with the implementation and consummation of the Plan." Plan, Art. IX.J.  The Bankruptcy Court also retained "exclusive jurisdiction over all matters arising out of or related to the Chapter 11 Case and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code." Plan, Art. XII.A. The Bankruptcy Court's exclusive jurisdiction includes jurisdiction to "issue and enforce

injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with Consummation, implementation or enforcement of the Plan, including all settlements (including the Estate Party Settlement), releases, exculpations and injunctions provided for under the Plan." *See* Plan, Art. XII.A.9.

Should the Plaintiff contend that the Confirmation Order and Plan does not enjoin this case from proceeding, the Plaintiff must litigate that dispute in the Bankruptcy Court. Plan, Art. XII.A. Accordingly, Defendants respectfully request that this Court enter an order staying this action until and unless the Bankruptcy Court issues an Order that permits it to continue.

Respectfully,

**MARKS, O'NEILL, O'BRIEN DOHERTY & KELLY, P.C.**

*/s/ Megan T. Mantzavinos*
Megan Mantzavinos (Bar No. 16416)
Shane T. Rosenbloom (Bar No. 31137)
Marks, O'Neill, O'Brien, Doherty, & Kelly, P.C.
600 Baltimore Avenue, Ste 305
Towson, Maryland 21204
(410) 339-6880
mmantzavinos@moodklaw.com
*Attorneys for Defendants William J. Beeman and Holly L. Hoover*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of June, 2025, a copy of the foregoing was electronically filed and served on all parties in the case.

*/s/ Megan T. Mantzavinos*
Megan T. Mantzavinos

4909-5447-3032, v. 1